UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                Criminal Action No. 4:22-CR-00019

RICHARD LEE CANSLER                                                   Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Richard Lee Cansler ("Cansler") moves for "Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)" asserting "his mother requires immediate daily assistance because of her declining health" and that he requests the Court "to allow him to be his mother's caregiver." [DE 82 at 315-16].  Cansler also filed a letter to the undersigned requesting the same relief.  [DE 84]. The United States responded in opposition. [DE 85]. Cansler did not reply and the time for doing so has long passed.  For the reasons below, Cansler's motion for compassionate release [DE 82] is **DENIED**.

## I.    BACKGROUND

Cansler was charged in a Superseding Information with one count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(viii) and 21 U.S.C. § 846 and one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(viii), and 18 U.S.C. § 2. [DE 15].  On July 21, 2023, Cansler waived Indictment by a Grand Jury and pled guilty to the two-count Superseding Information pursuant to a Rule 11(c)(1)(C) plea agreement.  [DE 61]. In February 2023, Cansler was sentenced to serve 96-months in prison, in accordance with the plea agreement. [DE 80].

1

Pursuant to his Presentence Investigation Report (PSR), "[h]e reported having three siblings: Kizzy Cansler (age) 46), Timothy Cansler (age 44), and Elonda Cansler (age 44) who all reside in Henderson, Kentucky." [DE 69 at 270].

## II.    ANALYSIS

### A. *Motion for Compassionate Release [DE 82].*

#### a.   Exhaustion of Administrative Remedies.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor*, No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

Cansler states that he "filed with the Warden for compassionate release utilizing local procedures established by the Warden." [DE 82 at 315]. He attaches a memorandum for "additional guidance regarding submittal of a Reduction in Sentence" which states that "[p]aper cop-out is no longer accepted. All request[s] are to be made to FOR/InmateToRISCoordinator" and states specifically what the request must include. [DE 82-1 at 320]. He then attaches an email which appears to be from Cansler to "Low CMC" but also references "To:InmateTo RIS Coordinator." He admits, however, that at the time he filed the motion with the Court "30 days

ha[d] not lapsed from the day Cansler request release from the Warden, Cansler's mother has serious health conditions that leave her incapacitated, requiring daily assistance ---time is of the essence." [DE 82 at 315].

The United States asserts that he has failed to exhaust because Cansler "did not file any proof that his request for compassionate release was received by the warden" and admits he did not wait the 30 days. [DE 85 at 4]. The United States further states that BOP records in the United States possession do not show any pending RIS requests made by the Defendant. [*Id.* at Exh. C]. The United States admits, however that this does not necessarily "disprove" the defendant's statements, but "it does call into question whether the Defendant filed his request for compassionate release appropriately." [*Id.*].

Courts in this circuit have previously indicated that an informal email does not satisfy the requirement when the BOP record fails to reflect that the Warden ever received the inmate's request for compassionate release. *Smith*, 2024 WL 3566697, at *1 (citing *United States v. Moberly*, No. 5:19-136-DCR, 2022 WL 2232140, at *2 (E.D. Ky. June 21, 2022)). Another district court in the Sixth Circuit, however, has indicated that a defendant does not satisfy this requirement when: (1) they do not provide any evidence that the Warden received their request; and (2) the request does not comply with the requirements for submitting a request for compassionate release under 28 C.F.R. § 571.61 by not including proposed release plans. *United States v. Silcox*, No. 3:17-CR-134-TAV, 2020 WL 4341758, at *1 (E.D. Tenn. July 28, 2020).

Here, Cansler has not provided any evidence that the Warden received his request for compassionate release and the United States has called that into question with BOP records. Further, while 30 days had not passed at the time of filing, that time has certainly passed since. Based on all the information presented, it appears that Cansler likely has not properly exhausted

his administrative remedies. But even if administrative remedies had been exhausted, Cansler's motion would fail for the reasons below.

  b.   Sixth Circuit "Three-Step Inquiry."

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

After addressing exhaustion, district courts apply a "three-step inquiry" in considering a compassionate-release motion filed under § 3582(c)(1). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if (1) the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *McCall*, 56 F.4th at 1054 (quotations omitted). District courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *Elias*, 984 F.3d at 519.

18 U.S.C. § 3582(c)(1)(A) does not describe what constitutes "extraordinary and compelling reasons," but an "applicable policy statement[ ] issued by the Sentencing Commission" does. *See United States v. Sandlain*, No. 24-1680, 2025 WL 476247, at *1 (6th Cir. Feb. 10, 2025) (noting that U.S.S.G. § 1B1.13, as recently amended, "now applies to compassionate-release

motions filed by defendants, and it provides examples of circumstances that qualify as extraordinary or compelling reasons for granting compassionate release"). U.S.S.G. § 1B1.13 provides that "extraordinary and compelling reasons" include (1) serious medical circumstances, (2) a defendant's advanced age, (3) certain family circumstances, and (4) physical or sexual abuse suffered by the defendant while incarcerated. U.S.S.G. § 1B1.13(b)(1)–(4). The policy statement also includes a fifth provision for any "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5). A sixth provision defines extraordinary and compelling reasons to include an "unusually long sentence" imposed before a change in sentencing law. U.S.S.G. § 1B1.13(b)(6). The Sixth Circuit, however, has recently held this provision invalid. *See United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025); *United States v. George*, No. 14-CR-20119, 2025 WL 2759563, at \*2 n.1 (E.D. Mich. Sept. 29, 2025).

The § 3553(a) factors to be considered include the prisoner's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing § 3553(a)(1)–(2)).

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or

vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *United States v. Ruffin*, 978 F.3d 1000, at 1008-09; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson*, 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004 (6th Cir. 2020)).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 611 F.Supp.3d 395, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

     c.   <u>No Extraordinary and Compelling Reasons Warrant Early Release – Family Circumstances and Rehabilitation.</u>

Cansler asserts that his need to provide daily care to his mother is an "extraordinary and compelling" reason warranting early release.

Early release may be warranted if a defendant's immediate family member is "incapacitat[ed]" and the defendant is the only available or suitable caregiver. § 1B1.13(b)(3); *United States v. Mathews*, No. 2:19-cr-41, 2023 WL 5924411, at *3 (S.D. Ohio Sept. 12, 2023) (defendant bears burden to make this showing). Immediate family members include children, spouses and partners, parents, grandchildren, grandparents, and siblings. § 1B1.13(b)(3)(D). The Guidelines also allow for care of individuals who, though not immediate family members, have a "similar in kind" relationship with the defendant. *Id.*

6

In evaluating "incapacitation," courts have looked to the BOP guidelines for handling inmate compassionate release requests based on the incapacitation of a family member. *See, e.g., United States v. Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (D.N.J. Feb. 13, 2024); (*United States v. Collins*, 2020 U.S. Dist. LEXIS 5001, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020). The BOP guidelines have defined incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [individual] . . . is completely disabled, meaning that the [individual] . . . cannot carry on any self-care and is totally confined to a bed or chair." *Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (quoting *Collins*, 2020 WL 136859) (citing BOP Program Statement § 5050.502)). When evaluating the incapacitation, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the family member, and a statement and documentation regarding the inmate's release plan. *Collins*, 2020 WL 136859, at *4 (citing *United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) and BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1).

The defendant must clear a high bar to show that he is the only available caregiver; other potential caregivers can be significantly burdened and still be available. *United States v. Snow*, No. 5:18-CR-52-BJB, 2025 WL 1943799, at *3 (W.D. Ky. July 15, 2025); *United States v. Marshall*, No. 3:16-cr-4, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) (caregivers who fear losing their employment due to caregiving time commitment are nevertheless available). District courts around the country have required various showings to determine whether other caregivers are truly not available, some even requiring that all other caregivers must themselves be "incapacitated" for the defendant to be the only available caregiver. *See, e.g, United States v. Delgado*, No. 3:15-cr-246,

2023 WL 4552890, at *2 (M.D. Pa. July 14, 2023) ("[A] defendant typically must establish that all other potential caregivers for their minor child are incapacitated.").

The Court notes that "[i]n general, having a sick or aging parent is not an extraordinary circumstance to release a prisoner." *United States v. Brewer*, 2022 WL 1125797, at *2 (E.D. Mich. Apr. 15, 2022). While the Court sympathizes with any family dealing with sick and aging family members, such situation is not by itself extraordinary. *See, e.g., United States v. Combs*, No. 2:19-CR-138, 2023 WL 6997117, at *2 (S.D. Ohio Oct. 24, 2023) ("This Court has declined to find that a defendant's ailing parent constitutes an 'extraordinary and compelling reason' justifying release."); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("While the Court empathizes with the Ingram family's difficult situation and understands that Mrs. Ingram's medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include Ingram's mother. Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Cansler asserts that he is the only care-giver available for his mother [DE 82-5 at 337]. He files a portion of his mother's medical record demonstrating that she is suffering from cancer and was hospitalized in March 2025. Cansler's letter further states that his mother remained in the hospital and discussions for her future care are underway. [DE 84 at 374]. Cansler also submitted a letter from his sister in support of his motion. [DE 82-3]. The letter states that Cansler's presence would be helpful to facilitate her care and "end of life planning" for his mother. [DE 82-3, at 330]. Importantly, this letter does not assert that there are no other caregivers available for the Cansler's mother. There are no submissions from Cansler's other siblings all of which are believed to reside in Henderson, Kentucky close to their mother. [DE 69, ¶ 59]. Cansler notes difficulties each of those family members may have to care for their mother, but none of these appear to render them

8

"unavailable" to provide care. If a family member is named on the record, and there is no evidence that he or she is unavailable, courts may find that family member to be an available caregiver. *See, e.g., United States v. Rice*, 2023 WL 6048777 at *3 (N.D. Cal. Sept. 14, 2023) (defendant failed to show unavailability of sons as caretakers for their mother despite "both sons work full time, and both have families and households of their own");*United States v. Cruz-Rivera*, No. 11-cr-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (defendant's claim to be sole available caregiver failed because the record showed two relatives lived near his minor child but lacked further details); *United States v. Hill*, No. 5:18-CR-50022, 2020 WL 3037226, at *3 (W.D. Ark. June 5, 2020) (finding insufficient evidence that other caregivers were not available to care for inmate's ailing wife). Thus, Cansler has provided insufficient proof that he is his mother's "sole" provider of care. *United States v. Slone*, No. 6:12-CR-00028-GFVT, 2025 WL 2645611, at *2 (E.D. Ky. Sept. 15, 2025). While the Court does not doubt that the challenges faced by Cansler's family are difficult, and his family has the Court's sympathies, these difficulties do not provide extraordinary and compelling reasons to release Cansler.

Moreover, nothing in the motion addresses other supplemental sources of care for Cansler's mother, or whether she qualifies for Medicaid or skilled nursing care or other full time care services. *United States v. Harris*, No. 4:21-CR-00029, 2024 WL 5075642, at *5 (W.D. Ky. Dec. 11, 2024); *Collins*, 2020 WL 136859, at *4; *Hill*, 2020 WL 3037226, at *3. These factors are fatal to his motion.

Finally, while rehabilitation by itself cannot serve as independent reason for compassionate release, it can be considered in concert with other circumstances. *Lawrence v. United States*, 570 F. Supp. 3d 524, 529 (W.D. Ky. 2021) ("rehabilitation is specifically excluded as an independent basis for compassionate release."); *United States v. Wieber*, Case No. 3:14-CR-74-TBR, 2020 WL

9

1492907 at *3 (W.D. Ky. Mar. 27, 2020) (collecting cases holding that rehabilitation is not a sufficient basis for compassionate release). Cansler provides significant commentary about his efforts at rehabilitation while incarcerated.  He has clearly shown a desire to improve himself in preparation for release. The Court acknowledges these efforts and commends his drive to pursue true rehabilitation. The Court applauds the actions, but because Cansler was unable to show another extraordinary and compelling reason for release, such release cannot be granted on rehabilitation grounds alone.  *Lawrence*, 570 F. Supp. 3d at 529.

d.  Section 3553(a) Factors

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. Section 3553(a)'s factors include:

> The nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2). A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones*, 980 F.3d at 1114 (internal quotation and citation omitted). Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at 1112.

Here, the Section 3553(a) factors counsel against compassionate release. This crime was serious.

> The total weight of the methamphetamine was over 25 pounds. There were only three lab reports for the substance which does not appear to include the full 25 pounds, but even this amount, at 5,450.7 grams of actual methamphetamine (with the margin of error reductions), places the base offense level at the highest level.

[DE 69 at 262, ¶ 22]. Further, Cansler's criminal history includes nine misdemeanors and three prior felony offenses and he committed the instant offense while under a criminal justice sentence. [*Id.* at 264-69]. Prior criminal justice sentences have not deterred Cansler from continued criminal activity.

Additionally, Cansler has served less than half of his sentence at this time. *See Ruffin*, 978 F.3d at 1008 (affirming the district court's denial of an inmate's request for compassionate release when he "ha[d] yet to serve even half of his 25-year sentence"); *United States v. Kincaid*, No. 3:10-CR-00160-1 at *13 (E.D. Tenn. Oct. 29, 2019) (citations omitted), *aff'd*, 802 F. App'x 187 (6th Cir. 2020) ("[C]ourts have generally granted compassionate release only to defendants who have served a significant portion of their sentences."). A sentence reduction at this time would certainly create a disparity in sentences and not achieve the deterrence objectives of 18 U.S.C. § 3553(a).

After reviewing the Presentence Investigation Report ("PSR") and statement of reasons and judgment, the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

### III.   CONCLUSION

For all the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Cansler's motion for compassionate release [DE 82] is **DENIED**.

cc:     Defendant, *pro se*